IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-42011-TLS |
| | ) | |
| RONALD P. HASLEY and | ) | CH. 11 |
| VICKI A. HASLEY, | ) | |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Trial was held in Lincoln, Nebraska, on July 28, 2011, regarding an Objection to Claim of eCast Settlement Corporation (Fil. #89) filed by the debtors and a Response (Fil. #98) filed by eCast Settlement Corporation. John Hahn appeared for the debtors, Ronald and Vicki Hasley. Joel Carney appeared for eCast Settlement Corporation ("eCast"). Following trial, the parties were given the opportunity to submit closing arguments by brief and this matter is now ready for decision. The provisions of this order shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

For the reasons set forth below, the objection to claim is sustained.

The debtors filed their Chapter 13 petition on July 14, 2009. On Schedule F they identified a "Chase" credit card account ending in "6288" with a balance of $3,607.47 and a "United Mileage Plus" credit card account ending in "8600" with a balance of $26,578.52. Mr. Hasley testified that he included those accounts and amounts on his bankruptcy filing because they appeared on his credit report. Both debts were scheduled as "disputed." On October 2, 2009, eCast filed Proof of Claim #29-1 as the assignee of Chase Bank USA, N.A., in the amount of $10,600.47 with respect to a credit card account ending in "6288." On October 12, 2009, eCast as the assignee of Chase Bank USA, N.A., filed Proof of Claim #30-1 in the amount of $26,578.52 in connection with a credit card account ending in "8600."

The debtors objected to the Proofs of Claim and eCast subsequently amended each claim by attaching copies of seven account statements dating from July of 2008 through February of 2009.

The only witness to testify at the trial was Mr. Ron Hasley. Mr. Hasley testified that he has never had a credit card account with Chase and has never made a payment to Chase on a credit card account. He first learned of Chase through phone calls from collection agencies attempting to collect on the accounts.

Mr. Hasley did testify that at one time he had a United Mileage Plus credit card with First USA Bank but that he discontinued use of that card in late 2002 at which time he paid the balance in full. Again, he testified that he never dealt with Chase regarding the account.

Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim executed and

filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and amount of the claim. The objecting party can rebut a proof of claim's presumptive validity with "substantial evidence." *McDaniel v. Riverside Cnty. Dep't of Child Support Servs. (In re McDaniel)*, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001). As indicated, Mr. Hasley testified that he never had a credit card account with Chase and never made any payments to Chase, and that he had not used his own Mileage Plus account since 2002 when he paid the balance in full. He further testified that he never received in the mail any statements on any of the credit cards at issue. He suspects that he may have been the victim of identity theft since he had noticed unusual activity on his credit report and he received a notice from his insurance company during the relevant time period that its accounts had been compromised. I find that Mr. Hasley's testimony was sufficient to overcome the presumption of validity of the proofs of claim.

When the objecting party puts forward evidence rebutting the claim, the claimant must then produce additional evidence of the claim's validity. *Gran v. IRS (In re Gran),* 964 F.2d 822, 827 (8th Cir. 1992). The claimant always bears the burden of persuasion. *FDIC v. Union Entities (In re Be-Mac Transp. Co.),* 83 F.3d 1025 n.3 (8th Cir. 1996).

eCast essentially relies upon the presumption of validity of its proof of claim. Further, eCast notes that the debtor did schedule these claims (as "disputed") and that the account numbers match up with account numbers debtor acknowledges having had in the past. Further, most of the charges on the accounts took place in the vicinity of where debtor lived and worked. eCast further points out that despite Mr. Hasley's testimony, the accounts statements show a mailing address of Mr. Hasley's home address.

While the circumstantial evidence presented by eCast is enough to "raise an eyebrow" (for example, is it possible that Chase and/or United Mileage Plus could send monthly account statements to Mr. Hasley's address for a period of years without him ever receiving one?), it is not enough to be persuasive as to the validity of the claims. There is simply too much evidence that is missing.

eCast was unable to produce a copy of a credit card application or agreement signed by Mr. or Mrs. Hasley. Their signatures do not appear on *any* of the documentation submitted by eCast. The only documentation linking the debtors to the credit cards are the monthly billing statements generated by the credit card company that the debtors said they never received. eCast was unable to produce a copy of any check signed by the Hasleys to make a payment on either of the subject credit card accounts. The credit card statements do reflect that payments were made over time but eCast was unable to produce a copy of the checks or other instruments used to make those payments. Further, it is unclear whether eCast subpoenaed the Hasleys' bank records in order to show that the Hasleys were the ones making payments on the accounts. Either eCast failed to issue such a subpoena or the bank records failed to produce any such documentation.  In particular, one of the credit card statements refers to a $40,000 transaction with First National Bank of Omaha, but no First National records were offered into evidence.

The bottom line is that there is absolutely no evidence tying the Hasleys to the charges on

these credit cards.[1] Due to the failure to provide any persuasive evidence to support their claims, the claim objections must be granted and the claims denied.[2]

IT IS THEREFORE ORDERED that the objection (Fil. #89) filed by the debtors to Proofs of Claim #29 and #30 filed by eCast Settlement Corporation is sustained and Proofs of Claim #29 and #30 are denied.

DATED:    September 27, 2011

BY THE COURT:

/s/ Thomas L. Saladino
Chief Bankruptcy Judge

Notice given by the Court to:
  *John C. Hahn
  Joel Carney
  U.S. Trustee

* Movant is responsible for giving notice of this order to other parties if required by rule or statute.

---

[1] The claim being unenforceable against the Debtor is one of the grounds for sustaining an objection to claim under 11 U. S. C. § 502(b)(1).

[2] Debtors also argue that the evidence is insufficient to show that eCast is truly an assignee of the credit card accounts. It was not necessary to reach this issue in the disposition of this matter.